UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

MARIA PIEDRAHITA,

                Plaintiffs,

         - against -

AVON PRODUCTS, INC.,
MICHAEL BERIO and RUTH VEGA,

                Defendants.
----------------------------------------------------------------x

MAG. FRANCIS

06 CV 11519

JUDGE STEIN

COMPLAINT

RECEIVED NOV - 1 2006 U.S.D.C. S.D.N.Y. CASHIERS

### PRELIMINARY STATEMENT

1. This action seeks redress for serious transgressions of the federal Fair Labor Standards Act and the New York Wages and Hours Law. In a fundamental breach of these statutory obligations, defendants Avon Products, Inc., Michael Berio and Ruth Vega paid plaintiff Maria Piedrahita substantially less than the minimum wage, failed to pay plaintiff Maria Piedrahita overtime compensation, and failed to pay plaintiff Maria Piedrahita an additional hour of "spread of hours" pay at minimum wage for every day in which plaintiff Maria Piedrahita worked more than ten hours.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, pursuant to 28 U.S.C. § 1331, because plaintiff's Fair Labor Standards Act claims arise under a statute of the United States.

3. The court has supplemental jurisdiction over plaintiff's claims under the New York Minimum Wage Act, N.Y. Labor Law § 650 *et seq.*, pursuant to 28 U.S.C. § 1367 because

these claims are so closely related to plaintiff's claims under the Fair Labor Standards Act that they form parts of the same case or controversy under Article III of the United States Constitution.

4.  Pursuant to § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), plaintiff has consented in writing to becoming a party to this lawsuit. Plaintiff's written consent to be part of this action is attached hereto and is incorporated by reference.

5.  Venue is vested in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1), as the defendant Avon Products, Inc resides in this judicial district.

## PARTIES

6.  Plaintiff Maria Piedrahita (hereinafter "Ms. Piedrahita") was employed by defendants Avon Products, Inc., Michael Berio and Ruth Vega (hereinafter "Defendants") at their business formerly located at 43-22 Queens Boulevard, Sunnyside, New York 11104, from September 2004 through June 2005[1]. Ms. Piedrahita resides in Queens, New York.

7.  Defendants were Ms. Piedrahita's employers. Defendant Michael Berio was the district manager of the Avon business formerly located at 43-22 Queens Boulevard, Sunnyside, New York. Defendant Ruth Vega was the assistant district manager of the Avon business formerly located at 43-22 Queens Boulevard, Sunnyside, New York. Defendant Avon Products, Inc. is a domestic business corporation with its principal offices located at 1345 Avenue of the Americas, New York, New York. Defendants hired, supervised, controlled, and paid Ms. Piedrahita.

---

[1] The Avon store formerly located at 43-22 Queens Boulevard, Sunnyside, New York 11104 has since relocated to 33-08 Queens Boulevard, Long Island City 11101.

## FACTUAL ALLEGATIONS

8. At all times during her employment, Ms. Piedrahita was an "employee" as defined in Section 3(e)(1) of the Act, 29 U.S.C. 203(e)(1), and Defendants were her "employers" within the meaning of Section 3(d) of the Act, 29 U.S.C. 203(d).

9. Avon Products, Inc. is a New York corporation doing business as a beauty company and as such is an enterprise as defined in Section 3(r)(1) of the Act, 29 U.S.C. 203(r)(1), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. 203(s)(1)(A), in that the defendant's employees are engaged in interstate commerce and defendant's annual gross volume of sales made or business done exceeds $500,000.00 exclusive of excise taxes.

10. Ms. Piedrahita was employed by Defendants from approximately September 2004 to June 2005 as a customer service representative and as a store assistant at the Avon Products, Inc. store in Sunnyside, New York and was characterized as and treated in all respects as an employee by Defendants during this time period.

11. Defendants employed a work week beginning on Mondays and ending on Sundays during all time periods relevant to this complaint and Ms. Piedrahita reported her hours to Defendants based upon this work week definition and was paid based upon this Monday to Sunday work week.

12. Ms. Piedrahita worked full time as a customer service representative and a store assistant exclusively for the Defendants during the entire period of time relevant to this complaint.

13. Defendants employed Ms. Piedrahita within the meaning of Section 3(g) of the

Fair Labor Standards Act, 29 U.S.C. 203(g), and Section 2(7) of the N.Y. Labor Law during all time periods relevant to this complaint.

14. Ms. Piedrahita worked as a customer service representative and a store assistant during all time periods relevant to this complaint for the Defendants. She performed services virtually exclusively at the premises of the Defendants using the telephones of Avon Products, Inc. and using Avon Products, Inc. order sheets furnished by the Defendants as directed by the Defendants' managers and agents. Ms. Piedrahita's hours of work were determined by Defendants.

15. Ms. Piedrahita did not hold herself out as available to perform services for any one else other than Defendants during the entire time period relevant to this complaint.

16. Ms. Piedrahita regularly worked hours in excess of 40 hours in a work week for the Defendants during all time periods relevant to this complaint.

17. At all times during her employment, Ms. Piedrahita was paid in cash with no statements or receipts. Upon information and belief, no records were maintained of her work hours or pay.

18. From the beginning of September 2004 and until the middle of October 2004, Ms. Piedrahita worked for 4 hours a week, at a rate between $12.00 and $16.00 per week at the Avon store formerly located at 43-22 Queens Boulevard, Sunnyside, New York. During this period, Ms. Piedrahita had an effective wage rate of between $3.00 and $4.00 per hour.

19. From the middle of October 2004 until sometime in the end of May 2005, Ms. Piedrahita worked between 24 hours per week and 61 hours per week at the Avon store formerly located at 43-22 Queens Boulevard, Sunnyside, New York and received $125.00 each

week. During this period, she had an effective wage rate of between $2.05 per hour and $5.10 per hour. Ms. Piedrahita was not paid by the Defendants at one and one-half times her applicable hourly rate for hours worked in excess of 40 hours in a work week during this period or at any time during the time period relevant to this complaint.

20. From the beginning of June 2005 until the end of June 2005, Ms. Piedrahita worked between 50 hours per week and 52 hours per week at the Avon store formerly located at 43-22 Queens Boulevard, Sunnyside, New York and received $100 each week. During this period, she had an effective wage rate of between $1.92 per hour and $2.00 per hour. Ms. Piedrahita was not paid by the Defendants at one and one-half times her applicable hourly rate for hours worked in excess of 40 hours in a work week during this period or at any time during the time period relevant to this complaint.

21. Ms. Piedrahita's duties included selling Avon products, placing orders of sales representatives, placing orders of retail customers, answering the store's telephone, sweeping the store's floors, taking out the garbage, depositing money in the bank, lifting boxes, unpacking boxes and stocking shelves.

22. Defendants' failure to pay plaintiff Ms. Piedrahita the minimum wage and overtime pay was willful and in bad faith. Defendants had no reasonable grounds for believing that their failure to pay the minimum wage and overtime compensation was consistent with the Fair Labor Standards Act or the New York State Minimum Wages Act.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF: VIOLATION OF THE FAIR LABOR STANDARDS ACT

23. Section 6(a) of the FLSA, 29 U.S.C. § 206(a), provides that any employee employed in an enterprise engaged in commerce shall be paid wages at a rate not less than $5.15 per hour.

24. Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that no employer engaged in commerce shall employ an employee for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she is employed.

25. Section 16 of the FLSA, 29 U.S.C. § 216(b), provides that any employer who violates the provisions of 29 U.S.C. §§ 206 or 207 shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

26. The United States Department of Labor calculates unpaid wages and overtime compensation for employees, like plaintiff, who are paid by the week, by dividing the number of hours worked for each week by the amount of pay for that week. If that figure is less than the minimum wage of $5.15, the employee is owed the difference for all hours up to 40 per week. If the employee worked more than 40 hours per week, the employee is also owed one and one-half times the weekly wage (or times the minimum wage, if the weekly wage is less than the minimum wage) for all hours above 40 per week. Additional liquidated damages are due in an amount equal to the total unpaid minimum wages and unpaid overtime compensation.

27. Defendants' failure to pay plaintiffs the minimum wage or overtime compensation violated the Fair Labor Standards Act.

## SECOND CLAIM FOR RELIEF: <br> NEW YORK STATE MINIMUM WAGES AND OVERTIME

28. Plaintiff repeats and re-alleges paragraphs 1 through 27.

29. The New York State Minimum Wage Act provides that, effective March 31, 2000 through December 31, 2004, every employer shall pay to each of its employees for each hour worked a wage of not less than $5.15 (or any greater amount as may be established by the FLSA) and that beginning January 1, 2005, every employer shall pay to each of its employees for each hour worked a wage of not less than $6.00 (or any greater amount as may be established by the FLSA) . N.Y. Labor Law § 652(1).

30. Pursuant to regulations issued by the State Commissioner of Labor, an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in the FLSA. 12 N.Y.C.R.R. § 142-2.2.

31. Pursuant to N.Y. Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay wages and overtime required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to twenty-five percent of the total of such under-payments found to be due him.

32. Defendants' failure to pay plaintiff the minimum wage or overtime compensation violated the New York Labor Law.

## THIRD CLAIM FOR RELIEF: <br> NEW YORK STATE SPREAD OF HOURS

33. Plaintiff repeats and re-alleges paragraphs 1 through 32.

34. Defendants failed to pay plaintiff an extra hour's pay at minimum wage for every day that plaintiff worked in excess of ten hours, in violation of New York Labor Law §§

190, *et seq.*, and 650, *et seq.*, and New York State Department of Labor regulations, 12 N.Y.C.R.R. §§ 137-1.6, 142-2.4.

35. Plaintiff is entitled to an award of an extra hour's pay for every day that plaintiff worked in excess of ten hours, in an amount to be determined at trial, pursuant to New York Labor Law §§ 190, *et seq.*, and 650, *et seq.*, and New York State Department of Labor regulations, 12 N.Y.C.RR. §§ 137-1.6, 142-2.4.

36. Pursuant to N.Y. Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay wages and overtime required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to twenty-five percent of the total of such under-payments found to be due him.

37. Defendant's failure to pay an extra hour's pay for every day Plaintiff worked over ten hours violated New York Labor Law.

### FOURTH CLAIM FOR RELIEF: MAINTENANCE OF EMPLOYMENT RECORDS

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37.

39. Upon information and belief, Defendants intentionally failed to maintain adequate and accurate written records for the hours worked and wages earned by plaintiff in order to facilitate their exploitation of plaintiff's labor.

40. Defendants' knowing and intentional acts constitute a violation of 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2.

41. Defendants' knowing and intentional acts constitute a violation of N.Y. Lab. Law § 195(4) and 12 N.Y.C.R.R. § 137-2.1.

42.  As a result of the foregoing, plaintiff has been injured, and Defendants have profited thereby, in an amount to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Maria Piedrahita respectfully requests this Court to grant her the relief requested as follows:

1. Unpaid wages and overtime pay, plus liquidated damages and/or interest thereon;

2. Pre-judgment interest;

3. Reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b) and N.Y. Labor Law §§ 198 and 663;

4. The costs and disbursements of this action; and,

5. Such other and further relief that the Court deems just and proper.

Dated: New York, New York
       November 1, 2006

By: _____
THE LEGAL AID SOCIETY
Christopher Lamb, Attorney-in-Charge
Employment Law Project
Attorney for Plaintiff
199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3626

By:  Amy M. Hong, Of Counsel
     (AH5683)

## SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

I, Maria Piedrahita, hereby consent to be a plaintiff in a lawsuit pursuant to Section 216(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
October 30, 2006

_____
MARIA PIEDRAHITA

Sworn to before me this 30th
day of October, 2006

_____
NOTARY PUBLIC

AMY M. HONG
Notary Public, State of New York
No. 02HO6106886
Qualified in New York County
Commission Expires March 15, 2008

## AFFIDAVIT OF TRANSLATION

I, William Cotto, certify that I am fluent in both Spanish and English and that I have correctly and accurately translated this document from English to Spanish, and that the plaintiff, Maria Piedrahita, has assured me that she understands this document.

Dated: New York, New York
October 30, 2006

_____
WILLIAM COTTO